UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANN DESHOTELS, KIMBERLY ANN DESHOTELS, JAMIE JOURDAN DESHOTELS PUCHEU, AND MATTHEW RISHER DESHOTELS | : | CIVIL ACTION NO.:_____ |
| VERSUS | : | JUDGE:_____ |
| GREGORY PAUL NORSWORTHY, KEVIN O'ROURKE, MIKE MARSHALL, TRAVIS MILLER, ANTHONY MANCUSO, JEFF PITTMAN, JEFF MORGAN, AND CITY OF LAKE CHARLES | : | MAGISTRATE:_____ |

**COMPLAINT**

The complaint of ANN DESHOTELS, KIMBERLY ANN DESHOTELS, JAMIE JOURDAN DESHOTELS PUCHEU, and MATTHEW RISHER DESHOTELS, citizens and residents of the State of Louisiana, with respect represents that:

**<u>DEFENDANTS</u>**

1.

The following are made defendants herein:

A. GREGORY PAUL NORSWORTHY, (hereinafter "Norsworthy") a citizen and resident of Lake Charles, Calcasieu Parish, Louisiana, who may be served at 5246 Nelson Road, Lake Charles, Louisiana 70605;

B. KEVIN O'ROURKE, (hereinafter "O'Rourke"), an officer with the Lake Charles Municipal Police Department, who is employed by the City of Lake Charles who is a resident of Calcasieu Parish, Louisiana, and who may be served at the Lake Charles Municipal Police Department, 830 Enterprise Boulevard, Lake Charles, Louisiana 70601;

C. MIKE MARSHALL, (hereinafter "Marshall"), a corporal with the Calcasieu Parish Sheriff's Office, who is a citizen and resident of Calcasieu Parish, Louisiana, and who

      may be served at the Calcasieu Parish Sheriff's Office, 5400 E. Broad Street, Lake Charles, Louisiana 70615;

D. TRAVIS MILLER, (hereinafter "Miller"), a deputy sheriff with the Calcasieu Parish Sheriff's Office, who is a citizen and resident of Calcasieu Parish, Louisiana, and who may be served at the Calcasieu Parish Sheriff's Office, 5400 E. Broad Street, Lake Charles, Louisiana 70615;

E. ANTHONY MANCUSO, (hereinafter "Mancuso"), in his capacity as the duly elected Sheriff of Calcasieu Parish, Louisiana, who is a citizen and resident of Calcasieu Parish, Louisiana, who may be served at the Calcasieu Parish Sheriff's Office, 5400 E. Broad Street, Lake Charles, Louisiana 70615;

F. JEFF PITTMAN, (hereinafter "Pittman"), an officer with the Lake Charles Municipal Police Department, and employed by the City of Lake Charles who is a resident of Calcasieu Parish, Louisiana, and who may be served at the Lake Charles Municipal Police Department, 830 Enterprise Boulevard, Lake Charles, Louisiana 70601;

G. JEFF MORGAN, (hereinafter "Morgan"), an officer with the Lake Charles Municipal Police Department, and employed by the City of Lake Charles who is a resident of Calcasieu Parish, Louisiana, and who may be served at the Lake Charles Municipal Police Department, 830 Enterprise Boulevard, Lake Charles, Louisiana 70601; and

H. CITY OF LAKE CHARLES, (hereinafter "Lake Charles"), a municipal corporation organized under the laws of Louisiana which may be served through its Mayor, Randy Roach, 326 Pujo Street, 10th Floor, Lake Charles, Louisiana 70601.

## JURISDICTION

2.

This Court has original jurisdiction of this action under the provisions of 28 U.S.C.A Section 1343, with supplemental jurisdiction over all state law claims alleged herein under the provisions 28 U.S.C.A. Section 1367.

## FACTUAL BACKGROUND

3.

Seldon Joseph Deshotels, Jr., M.D. (hereinafter referred to simply as "Dr. Deshotels") resided at 5200 Nelson Road, Apartment 414, Lake Charles, Louisiana on November 1, 2007.

4.

On the evening of November 1, 2007, Dr. Deshotels went for a walk around his neighborhood and ultimately to a home located at 5246 Nelson Road, Lake Charles, Louisiana, which was owned by defendant herein, Gregory Paul Norsworthy.

5.

Apparently, the wife of Norsworthy noticed Dr. Deshotels on her property, notified her husband Norsworthy, and thereafter placed a "911" call to report Dr. Deshotels.

6.

After having been noticed by Mrs. Norsworthy, Dr. Deshotels immediately left the Norsworthy premises and returned in the direction of his residence.

7.

Norsworthy exited his home and, with the use of an all terrain vehicle, searched the neighborhood until he found Dr. Deshotels a substantial distance from the Norsworthy property and near Dr. Deshotels' own residence.

8.

Norsworthy, who has considerable training and expertise in the martial arts, chased Dr. Deshotels, pounced upon him and placed him in a "choke hold" until Dr. Deshotels lost consciousness.

9.

After Norsworthy subdued Dr. Deshotels by choking him unconscious to the point of injury, Pittman, an officer and employee of Lake Charles through its municipal police department, arrived at the scene.

10.

Dr. Deshotels reportedly regained consciousness and attempted to leave from the immediate vicinity at which point he was again attacked by Norsworthy with the cooperation and assistance of Pittman.

11.

Shortly thereafter, defendants Marshall and Miller, deputy sheriffs from the Calcasieu Parish Sheriff's Office, arrived and began to assist Pittman in the detention of Dr. Deshotels.

12.

Shortly thereafter O'Rourke and Morgan, Lake Charles municipal police officers and members of the special response (SWAT) team arrived and also assisted in the detention of Dr. Deshotels.

13.

Although Dr. Deshotels had been wounded by Norsworthy, was thoroughly subdued face down on his stomach, and under the weight of at least three (3) police officers, defendant O'Rourke administered multiple Taser stuns to Dr. Deshotels in the upper and lower back regions utilizing a Taser model X26.

14.

As a result of having been choked, thrown to the ground, battered, and Tasered, Dr. Deshotels ceased breathing.

15.

When police officers at the scene, including the defendants named herein, realized that Dr. Deshotels was no longer breathing, an ambulance from Acadian Ambulance Service, Inc. was summoned through police dispatch.

16.

Acadian Ambulance Service, Inc. arrived at the scene and noted Dr. Deshotels' critical condition. Nonetheless, Dr. Deshotels was not transferred by Acadian Ambulance personnel to the hospital, which was approximately two (2) minutes away, for a period in excess of one-half hour.

17.

By the time Dr. Deshotels received medical attention at the hospital, and as the result of defendants' conduct described above, Dr. Deshotels' condition had deteriorated to the point he could not be resuscitated and he ultimately was pronounced dead at 10:40 p.m. on November 1, 2007.

18.

All acts or omissions alleged herein on the part of the individually named police officer defendants, including Lake Charles Municipal police officers and deputies of the Calcasieu Parish Sheriff's Office, were committed in the course and scope of those defendants' employment with Lake Charles or Mancuso.

19.

Dr. Deshotels is survived by his wife, Ann Deshotels, and children, Kimberly Ann Deshotels, Jamie Jourdan Deshotels Pucheu, and Matthew Risher Deshotels.

20.

As a result of defendants' conduct as described herein, Dr. Deshotels suffered the following types of damage prior to his death:

   A. Physical pain and suffering;

   B. Mental suffering, anguish, humiliation, and other forms of emotional distress including the fear and realization of impending death;

C. Loss of the enjoyment of a normal life expectancy;

D. Medical expenses;

E. Funeral and burial expenses.

21.

As the result of her husband's wrongful death, plaintiff Ann Deshotels, sustained the following types of damage:

A. Loss of her husband's love, affection, relationship, services, companionship, counsel, and consortium;

B. Grief, mortification, and emotional trauma;

C. Loss of support;

D. Medical, hospital, and related healthcare expenses for Dr. Deshotels;

E. Funeral expense.

22.

Plaintiffs, Kimberly Ann Deshotels, Jamie Jourdan Deshotels Pucheu, and Matthew Risher Deshotels, sustained the following types of damage as the result of their father's wrongful death:

A. Loss of their father's love, affection, advice, counsel, relationship, and services;

B. Grief, mortification, and emotional trauma;

C. Loss of support;

D. Medical, hospital, and related healthcare expenses for Dr. Deshotels;

E. Funeral expense.

**COUNT 1**

**(42 U.S.C.A. Section 1983 – Wrongful Death Action)**

23.

Plaintiffs reaver all of the allegations of fact contained in paragraphs 1 through 22 as though set forth at length herein.

24.

Defendants O'Rourke, Norsworthy, Pittman, Morgan and Marshall, acting under color of state law, deprived the decedent and plaintiffs herein of rights, privileges, and immunity secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Dr. Deshotels to excessive force; and by acting with deliberate indifference to the medical needs of Dr. Deshotels.

25.

Plaintiffs show that the injuries to, and death of, Dr. Deshotels resulted directly and only from the use of force which was clearly excessive to the need which presented, the excessiveness of which was clearly and objectively unreasonable.

26.

Under the provisions of 42 U.S.C.A. Section 1983, plaintiffs allege claims for those damages as are specifically set forth in paragraphs 21 and 22 above.

27.

Plaintiffs further show that defendants O'Rourke, Norsworthy, Pittman, Morgan and Marshall, and each of them, acted in reckless and callous disregard for the constitutional rights of Dr. Deshotels and plaintiffs herein.  The wrongful acts and conduct by defendants were willful , oppressive, and malicious, thereby warranting an award of punitive damages and attorney fees.

**COUNT 2**

**(42 U.S.C.A. Section 1983 – Survival Action)**

28.

Plaintiffs reaver all allegations contained paragraphs 1 through 22.

29.

Plaintiffs bring this claim for relief as legal beneficiaries and survivors of the decedent, Dr. Deshotels.

30.

Defendants O'Rourke, Norsworthy, Pittman, Morgan and Marshall, acting under color of state law, deprived Dr. Deshotels of rights, privileges, and immunities secured by the Constitution and the laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Dr. Deshotels to excessive force and by acting with deliberate indifference to the medical needs of Dr. Deshotels.

31.

Plaintiffs show that the injuries to, and death of, Dr. Deshotels resulted directly and only from the use of force that was clearly excessive to the need which presented, the excessiveness of which was clearly and objectively unreasonable.

32.

Under the provisions of 42 U.S.C.A. Section 1983, plaintiffs bring this damage claim, as the result of the foregoing wrongful acts of defendants, and each of them, for those damages sustained by Dr. Deshotels prior to his death as are specifically delineated in paragraph 20 above.

33.

Plaintiffs further show that defendants O'Rourke, Norsworthy, Pittman, Morgan and Marshall, and each of them, acted in reckless and callous disregard for the constitutional rights of

Dr. Deshotels and plaintiffs herein. The wrongful acts and conduct by defendants were willful, oppressive, and malicious, thereby warranting the award of punitive damages and attorney fees.

## COUNT 3

### (Negligence Claims)

34.

Plaintiffs reaver allegations of paragraphs 1 through 22 as though set forth at length herein.

35.

Alternatively, plaintiffs show that the injuries to and death of Dr. Deshotels was caused by gross and ordinary negligence and fault of defendants, O'Rourke, Pittman, Morgan and Marshall, which consisted of the following, among other, acts or omissions:

A. Use of excessive force on an injured and debilitated person;

B. Acting individually, and in concert, to use excessive force in the apprehension, detention and arrest of Dr. Deshotels;

C. Failure to recognize that a person in custody was experiencing a medical crisis;

D. Failure to cease the use of physical force and to respond to a medical crisis;

E. Failure to promptly summons medical or paramedical assistance;

F. Failure to render an appropriate first aid response.

36.

Plaintiffs are informed and believed, and on the basis of such information and belief, allege, that Lake Charles, (through the Lake Charles Municipal Police Department) and Mancuso, each with indifference, negligence, and disregard for the safety, security, and constitutional and statutory rights of Dr. Deshotels and plaintiffs, did maintain, enforce, tolerate, permit, acquiesce in, and apply policies, practices, or customs and usages of, among other things:

    A. Subjecting people to unreasonable uses of force against their persons;

    B. Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

    C. Failing to adequately train, supervise, and control employees in the deployment of Taser shocks;

    D. Failing to adequately train, supervise, and control employees in the use of force during an arrest.

37.

Plaintiffs show that the injuries to and death of Dr. Deshotels were caused by the concurrent fault and negligence of the defendant, Norsworthy, which consisted of the following acts or omissions:

    A. Pursuit and arrest of a private citizen beyond the bounds of Norsworthy's property when he had no cause or right to do so;

    B. Use of excessive force while effecting an unlawful arrest;

    C. Initiating and maintaining a martial arts maneuver the purpose of which was to render its subject unconscious and injure him.

38.

As the result of defendants' fault and negligence as set forth above, plaintiff's bring survival and wrongful death actions for those damages set forth in paragraphs 20, 21, and 22 above.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury pursuant to the Federal Rules Civil Procedure 38(b).

**PRAYER**

WHEREFORE, PLAINTIFFS PRAY for judgment as follows:

<u>On All Causes of Action</u>

(a) Compensatory, general and special damages in accordance with proof;

(b) Costs of suit incurred herein; and

(c) Such other relief as the Court deems just or proper.

On Count 1 and Count 2

(a) Exemplary damages against the defendants O'Rourke, Norsworthy, Pittman, Morgan, and Marshall, in an amount sufficient to make an example of those defendants and to deter future misconduct; and

(b) Reasonable attorney's fees and expenses of litigation.

PLAINTIFFS PRAY for a trial by jury as to all counts alleged herein.

Respectfully submitted,

RIVERS, BECK, DALRYMPLE & LEDET

s/Robert L. Beck, Jr.
ROBERT L. BECK, JR.
La. Bar Roll Number: 02886
5208 Jackson Street Extension
Suite A
P.O. Drawer 12850
Alexandria, Louisiana 71315-2850
Telephone: (318)445-6581
Facsimile: (318)445-3708
E-Mail: rbdl@rbdl.net

ATTORNEYS FOR ANN DESHOTELS, KIMBERLY ANN DESHOTELS, JAMIE JOURDAN DESHOTELS PUCHEU, AND MATTHEW RISHER DESHOTELS