RECEIVED
IN ALEXANDRIA, LA.

MAR 1 1 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ANN DESHOTELS | : | DOCKET NO. 08-1378 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| GREGORY PAUL NORSWORTHY | : | MAGISTRATE JUDGE KAY |

## AMENDED MEMORANDUM RULING

In the Memorandum Ruling dated March 8, 2010, regarding the 42 U.S.C. § 1983 claims, the Court failed to note that Deputies Marshall and Miller have only been sued in their official capacities. An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent.[1] Such a case requires *Monell* proof of a custom or policy adopted by the Sheriff's office to constitute an official policy or custom as the cause of a constitutional deprivation.[2]

As noted above, Marshall and Miller are sued only in their official capacity, as well as the Sheriff. Plaintiff has failed to present any evidence of an official sanctioned policy, custom or practice made by the officials responsible for establishing final policy with respect to the subject matter in question. Accordingly, all claims against the deputies in addition to the previously dismissed claims against the Sheriff will be dismissed with prejudice. This disposes of all of Plaintiffs' 42 U.S.C. § 1983 claims against the Sheriff and his deputies.

The Judgment signed on March 8, 2010 will be amended accordingly.

---

[1] *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985).

[2] *Turner v. Houma Municipal Fire & Police Civil Service Brd.*, 229 F.3d 478, fn. 10 (5th Cir. 2000).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of March, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE