RECEIVED
SEP 03 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANN DESHOTELS, ET AL | : | DOCKET NO. 08-1378 |
| VS. | : | JUDGE TRIMBLE |
| GREGORY PAUL NORSWORTHY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Defendants', Anthony Mancuso, Travis Miller, Michael Marshall, and St. Paul Fire and Marine Insurance Company Motion to Dismiss Plaintiff's 3rd Amended Complaint with Prejudice" (R. #100) wherein the movers seek to dismiss with prejudice plaintiffs' 3rd amended complaint[1] for failure to state a claim upon which relief can be granted. For the following reasons, the motion will be denied.

### FACTUAL ALLEGATIONS

For a recitation of the relevant facts see the memorandum rulings R. #69, dated March 8, 2010 and R. #98, dated July 1, 2010.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] R. #94.

would entitle him to relief.' "[2] Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[3] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[4] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[5] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.[6]

The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[7] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[8] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[9] "Legal conclusions masquerading

---

[2] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[3] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[4] Bell Atlantic Corp., et al v. William Twombly, et al, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

[5] Id., 550 U.S. at 556.

[6] Id., at 566, 127 S.Ct. 1955.

[7] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[8] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[9] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

as factual conclusions will not suffice to prevent a motion to dismiss."[10] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[11]

## LAW AND ANALYSIS

Defendants, Anthony Mancuso, Travis Miller, Michael Marshall and St. Paul Fire and Marine Insurance Company, maintain that the third amended complaint should be dismissed because it makes no allegations of negligent, intentional or otherwise wrongful conduct against defendant, Anthony Mancuso, in his individual capacity, and that defendants Michael Marshall and Travis Miller have been dismissed in their official capacity. Thus, they argue that plaintiffs cannot amend to add new allegations, and that the third amended complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Sheriff Anthony Mancuso*

Defendant, Sheriff Mancuso avers that because he was not at the scene at any time relevant to this lawsuit, he cannot be held liable in his individual capacity. Plaintiffs remark that Mancuso was not sued under § 1983 in his individual capacity. However, as to the state law claims, the third amended complaint clarifies that he is being sued in his capacity as the sheriff based upon his vicarious liability for the torts of his deputies. Accordingly, these claims against the Sheriff are still viable claims and will not be dismissed.

---

[10] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[11] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

3

*Michael Marshall and Travis Miller*

Defendants, Marshall and Miller, maintain that because they were dismissed in their official capacity, there is no procedure for amending a complaint and clarifying allegations against a party that has already been dismissed. After the ruling dismissing these defendants in their official capacity, this court ordered plaintiffs to amend their complaint (the third amended complaint) to sufficiently allege that plaintiffs were suing defendants Marshall and Miller in their individual capacity. The third amended complaint clearly asserts that these defendants are being sued in their individual capacities.

## **CONCLUSION**

Based on the foregoing, the motion to dismiss the third amended complaint will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of September, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE