RECEIVED
IN ALEXANDRIA, LA.
MAY - 2 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANN DESHOTELS, ET AL | : | DOCKET NO. 08-1378 |
| VS. | : | JUDGE TRIMBLE |
| GREGORY P. NORSWORTHY, ET AL | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the court is a "Motion to Exclude, or Limit, Testimony of George Armbruster" (R. #187) filed by plaintiffs, Ann Deshotels, Kimberly Ann Deshotels, Jamie Jourdan Deshotels Pucheu and Matthew Risher Deshotel, wherein movers seek to exclude all or part of George Armbruster's trial testimony. Mr. Armbruster is a retired police officer who is expected to be called by some of the defendants to testify with respect to certain policies and procedures promulgated by the Lake Charles Police Department, and to opine as to whether the officers adhered to these policies. Plaintiffs further anticipate that Mr. Armbruster will opine as to whether or not defendant, O'Rourke used excessive force when he tased Deshotels and whether defendants were indifferent to Deshotels' medical needs.

Plaintiffs argue that Mr. Armbruster should not be allowed to testify because the Lake Charles Police Department policies in question are straightforward and require no explanation. Specifically, plaintiffs assert that Lake Charles Departmental General Order A-19 which governs the use of force by the Lake Charles police officers is clear and unambiguous. The Order provides the legal justification regarding the use of force and is as follows:

A. Generally, there are four times an officer is justified in using physical control methods. These are:

1. To prevent a forcible offense against another person or his property;
2. To protect the officer or another from injury or death;
3. To protect a subject from injuring himself; and
4. To overcome resistance when effecting a lawful arrest.

B. Determining the appropriate level of force an officer may use will be measured by two broad standards. First, the officer's use of control methods should be initiated by the subject's resistance. Second, the level of physical force used by the officer should be necessary and not excessive when considering the type of resistance offered by the subject.

\* \* \*

D. Levels of force that an officer may use to gain control over a subject are divided into the following categories:

1. Officer physical presence
2. Verbal Direction/commands
3. Empty hand control
   - Soft empty hand control
   - Hard empty hand control (strikes)
4. Intermediate weapons
   - Soft impact weapon control
   - Hard impact weapon control
   - Chemical agent
   - Taser and less lethal launcher systems
5. Lethal force

Order A-19 also lists and defines levels of resistance;

1. Psychological Intimidation;
2. Verbal Non-Compliance (Resistive Dialogue);
3. Passive Resistance;
4. Defensive Resistance;
5. Active Aggression; and
6. Aggravated Active Aggression.

With regards to a police officer using a Taser, A-19 provides:

**Taser**

The Taser is a stunning device that delivers an electrical charge which

2

temporarily disables a subject without causing permanent injury. The charge comes from two darts which when fired from the device, will normally render a hostile person immobile. The Taser is deployed as an additional police tool and is not intended to replace firearms, control holds, or other self-defense techniques. The Taser may be used:

- To control a violent or potentially violent suspect when lethal force does not appear to be justified and/or necessary; or
- Attempts to subdue the suspect by other conventional tactics have been, or will likely be, ineffective in the situation at hand; or
- There is a reasonable expectation that it will be unsafe for officers to approach within range of the subject.[1]

Plaintiffs argue that Armbruster's statements regarding the reasonableness of force used by O'Rourke or the other officers are legal conclusions and whether or not O'Rourke or any other defendant police officer acted reasonably is a question which should be reserved for the jury.

Plaintiffs also maintain that Mr. Armbruster should be prohibited from testifying about whether or not defendants were indifferent to Deshotel's medical needs because Mr. Armbruster lacks both the required medical expertise to testify and further, his opinions are based on inaccurate and/or unjustified assumptions.

Defendants remark that plaintiffs have retained their own "expert", D.P. Van Blaircom, a retired police officer, who will testify as to the reasonableness of force and the alleged indifference to medical needs. Hence, defendants argue that if Van Blaircom can offer opinions that criticize officer conduct, Mr. Armbruster has the right to offer his opinion on those same topics. Defendants further argue that Mr. Armbruster's testimony will be necessary to refute the opinions of Van Blaircom. Defendants assert that Armbruster can explain the LCPD Use of Force Continuum and police practices generally recognized in the law enforcement community. They further contend that

---

[1] Plaintiffs' exhibit A.

3

Armbruster has specialized training and experience to aid the jury concerning what force is generally acceptable in law enforcement practice, including a Taser drive stun when a burglary suspect is actively resisting a lawful detention.

The court has considered the arguments made by the parties, and finds that Mr. Armbruster will be allowed to testify as to law enforcement conduct in response to situations such as those presented in this lawsuit and/or to refute the opinions of plaintiffs' expert, Mr. Van Blaircom.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the motion in limine (R. #187) is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of May, 2012.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

4